989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Carl HUNT, Defendant-Appellant.
 No. 92-5079.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 9, 1993
Decided: March 23, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Shelby. Richard L. Voorhees, Chief District Judge. (CR-91-121-SH)
 Robert P. Tucker, II, Asheville, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Jerry W. Miller, Assistant United States Attorney, Asheville, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before HALL, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 William Carl Hunt appeals from the judgment entered by the district court following a jury verdict of guilty on a charge of carrying a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c)(1) (1988 & Supp. II 1990). We affirm.
 
 
 2
 Hunt was arrested by officers of the Cleveland County, North Carolina, Sheriff's Department following a search of his home. The officers went to Hunt's trailer pursuant to an ongoing investigation into allegations of drug dealing by Hunt. The officer's asked permission to enter the home and look around. Hunt does not contest the fact that he told the officers to "come on inside."
 
 
 3
 Once inside the home, the officers split into two groups. The first proceeded to the rear of the home to search the bedrooms, while the second commenced searching the living room. Hunt remained in the living room until the officers discovered two guns and some cocaine; at that point he went to the rear of the home and asked the officers there to present some identification. While the officers were displaying their identification Hunt retrieved a bag of cocaine from behind a dresser and attempted to flush it down a toilet. Hunt was subsequently subdued, and the narcotics retrieved from the toilet.
 
 
 4
 On the morning of trial Hunt filed a motion to suppress the fruits of the search of his home. He contended that the evidence should be suppressed because the search was invalid, and because the evidence was cumulative and unduly prejudicial. The district court summarily denied the motion after a hearing. A jury trial ensued on count one, resulting in conviction, and count two was dismissed. Hunt was given a mandatory sixty-month sentence. Hunt filed a timely notice of appeal challenging the denial of the motion to suppress.
 
 
 5
 The motion to suppress was properly denied. In addition to being untimely, Fed. R. Crim. P. 12(b)(3), the evidence reveals that the weapon which led to his conviction was seized prior to the events which Hunt contends demonstrated withdrawal of his consent. The evidence was therefore properly obtained pursuant to a consensual search. See Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973).
 
 
 6
 Additionally, because Hunt's stipulation to his state court drug convictions was not clearly sufficient to establish the Government's case, the district court did not abuse its discretion in allowing introduction of other evidence which placed the weapon in context.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED